UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LILIA BARRIOS ARROYO, | CASE NO. 2:26-cv-994-JNW |
| Petitioner, | ORDER FOR SUPPLEMENTAL DOCUMENTS |
| v. | |
| ICE FIELD OFFICE DIRECTOR, | |
| Respondent. | |

Petitioner Lilia Barrios Arroyo, proceeding pro se and in forma pauperis, filed this Petition for a Writ of Habeas Corpus, Dkt. No. 1, seeking release from immigration detention on the ground that her continued custody violates her due process rights. Because the record provided by Respondent contains internal inconsistencies, the Court ORDERS Respondent to provide supplemental documents within three (3) days of this Order.

Lilia Barrios Arroyo is a citizen of Mexico in the custody of Immigration and Customs Enforcement (ICE) at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. No. 7 ¶ 3. The record before the Court does not clearly establish when or how Barrios Arroyo entered the United States; Respondent

ORDER FOR SUPPLEMENTAL DOCUMENTS - 1

represents only that she "admitted to entering the United States in 2004 and did not possess a valid entry document or other documentation required for lawful entry." *Id.* ¶ 8.

On July 21, 2025, Barrios Arroyo "encountered" immigration officers at the Orange County Jail in Florida, where she was being held following her arrest for Aggravated Battery with a Deadly Weapon. *Id.* ¶ 4. ICE issued an immigration detainer citing the Laken Riley Act and 8 U.S.C. § 1226(c)(3) as the basis for detention. *Id.* Respondent does not provide a copy of the detainer, and the record contains no information regarding the disposition of the underlying state criminal charge.

On July 23, 2025, ICE took Barrios Arroyo into custody. *Id.* ¶ 5. ICE served a Notice to Appear, Form I-862 ("NTA"), charging Barrios Arroyo with being present in the United States without admission or parole and without a valid entry document under 8 U.S.C. § 1182(a)(6)(A)(i) and 8 U.S.C. § 1182(a)(7)(A)(i)(I). *Id.* Respondent does not provide a copy of the NTA.

On August 11, 2025, a Miami Immigration Judge denied bond for lack of jurisdiction under Immigration and Nationality Act (INA) § 235(b), 8 U.S.C. § 1225(b). *Id.* ¶ 7. Respondent does not provide a copy of the Immigration Judge's order. Nor does Respondent explain why INA § 235(b)—which applies to applicants for admission—would support Barrios Arroyo's detention given that the NTA indicates she was present in the United States at the time of her arrest.

On October 16, 2025, the Immigration Judge denied all relief and ordered Barrios Arroyo removed to Mexico. *Id.* ¶ 9. Respondent does not provide a copy of

ORDER FOR SUPPLEMENTAL DOCUMENTS - 2

the removal order. Barrios Arroyo appealed, and her case remains pending before the Board of Immigration Appeals (BIA). *Id.* ¶ 10.

On February 3, 2026, ICE transferred Barrios Arroyo to NWIPC. *Id.* ¶ 14. After Barrios Arroyo requested Bond Redetermination, an Immigration Judge denied bond on February 13, 2026, "noting . . . that there are no changed material circumstances" since the initial bond hearing on August 11, 2025. *Id.* ¶ 15.

Barrios Arroyo again applied for Bond Redetermination and, on March 7, 2026, the Immigration Judge denied her request because "the *Maldonado Bautista* litigation is currently stayed by the Ninth Circuit Court." *Id.* ¶ 16 (italics added).

Respondent's briefing contains internal inconsistencies that prevent the Court from determining which statutory authority governs Barrios Arroyos' detention on the present record. Respondent states "Petitioner is lawfully detained during her removal proceedings pursuant to INA § 236(a), 8 U.S.C. § 1226(a)." Dkt. No. 6 at 3. But the supporting declaration by Christopher Hubbard states that "[t]he Immigration Judge denied bond noting lack of jurisdiction per INA § 235(b)[,]" 8 U.S.C. § 1225(b). Dkt. No. 7 ¶ 7.

Another Immigration Judge referenced the *Maldonado Bautista* litigation as if it would apply but for the Ninth Circuit's stay, even though Respondent appears to claim that Barrios Arroyo is detained under 8 U.S.C. § 1226(c)(3). Dkt. No. 6 at 5 ("A detainer was issued noting [Barrios Arroyo] was subject to detention pursuant [to] the Laken Riley Act and to 8 U.S.C. § 1226(c)(3)."). *See Bautista v. Santacruz*, 813 F. Supp. 3d 1084, 1127 (C.D. Cal. 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec.

18, 2025) (defining the bond eligible class as noncitizens who "are not or will not be subject to detention under 8 U.S.C. § 1226(c) . . . .").

Respondent does not provide the detainer, the NTA, the removal order, any of the Immigration Judges' orders denying bond, or any documentation regarding the disposition of the Florida criminal charge. Nor does Respondent provide an explanation for these omissions.

The Court declines to rule on the present record. Accordingly, the Court ORDERS Respondent to provide, within five (5) court days of this Order, the following:

1. The immigration detainer issued on or about July 21, 2025;

2. The Notice to Appear (Form I-862);

3. Documentation regarding the disposition of the Florida state criminal charge for Aggravated Battery with a Deadly Weapon;

4. The removal order; and

5. The Immigration Judge's order(s) denying bond.

If any of these documents are unavailable, Respondent must provide a sworn declaration setting forth the information the document would contain, or an explanation for its unavailability.

The Clerk of the Court is directed to note this deadline on the Court's calendar.

Dated this 29th day of April, 2026.

Jamal N. Whitehead
United States District Judge

ORDER FOR SUPPLEMENTAL DOCUMENTS - 4