UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LILIA BARRIOS ARROYO,<br><br>Petitioner,<br><br>v.<br><br>ICE FIELD OFFICE DIRECTOR,<br><br>Respondent. | CASE NO. 2:26-cv-994-JNW<br><br>ORDER GRANTING IN PART HABEAS CORPUS PETITION |

## 1.  INTRODUCTION

Petitioner Lilia Barrios Arroyo, proceeding pro se and in forma pauperis, petitioned the Court for a writ of habeas corpus seeking release from immigration detention or an order directing Respondent to hold a bond hearing. Dkt. No. 1. For the reasons stated below, the Court GRANTS in part the habeas petition.

## 2.  BACKGROUND

Barrios Arroyo is a citizen of Mexico in the custody of Immigration and Customs Enforcement (ICE) at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. No. 7 ¶¶ 3, 14. The record before the Court does not clearly establish when or how Barrios Arroyo entered the United States;

ORDER GRANTING IN PART HABEAS CORPUS PETITION - 1

Respondent represents only that Barrios Arroyo "admitted to entering the United States in 2004 and did not possess a valid entry document or other documentation required for lawful entry." *Id.* ¶ 8.

On July 21, 2025, Barrios Arroyo "encountered" immigration officers at the Orange County Jail in Florida, where she was being held following her arrest for a state criminal charge. *Id.* ¶ 4.The Department of Homeland Security (DHS) issued an immigration detainer, and ICE took Barrios Arroyo into custody on July 23, 2025. Dkt. Nos. 7 ¶ 5; 9-1 at 2–3. ICE served a Notice to Appear, Form I-862 ("NTA"), charging Barrios Arroyo with being present in the United States without admission or parole and without a valid entry document under 8 U.S.C. § 1182(a)(6)(A)(i) and 8 U.S.C. § 1182(a)(7)(A)(i)(I). Dkt. No. 9-2 at 5.

On August 11, 2025, Barrios Arroyo appeared for a bond hearing before a Miami immigration judge. Dkt. Nos. 7 ¶ 7; 9-5 at 4–5. The immigration judge denied bond, claiming that she lacked jurisdiction because of INA § 235(b). Dkt. No. 9-5 at 4.[1]

On October 16, 2025, an immigration judge denied all relief and ordered Barrios Arroyo removed to Mexico. Dkt. No. 9-4 at 4–7. Barrios Arroyo appealed, and her case remains pending before the Board of Immigration Appeals (BIA). Dkt. No. 7 ¶ 10.

---

[1] Respondent references other bond hearings. *See generally* Dkt. Nos. 6, 7. On April 29, 2026, the Court ordered Respondent to provide the immigration judge's order(s) denying bond or "a sworn declaration setting forth the information the document would contain, or an explanation for its unavailability." Dkt. No. 8 at 4. Respondent did not provide any additional bond decisions or explanations so the Court will not consider Respondent's arguments referencing these purported hearings.

ORDER GRANTING IN PART HABEAS CORPUS PETITION - 2

## 3.  DISCUSSION

### 3.1   Barrios Arroyo is not subject to mandatory detention under 8 U.S.C. § 1225(b).

ICE and the immigration judge who considered Barrios Arroyo's bond request claim she is subject to mandatory detention under 8 U.S.C. § 1225(b), and its implementing regulations, 8 C.F.R. § 235 et seq., which applies to "applicants for admission" to the United States. Dkt. Nos. 9 at 1; 9-5 at 4. But the Court finds—and Respondent's counsel seems to agree—that she is detained under 8 U.S.C. § 1226(a) or 8 U.S.C. § 1226(c) because she is a noncitizen already present in the United States. *See Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018).

Section 1225 governs the inspection and processing of noncitizens at the border. *Jennings*, 583 U.S. at 287. It subjects those who are "seeking admission," but "not clearly and beyond a doubt entitled to be admitted," to mandatory detention pending removal proceedings. 8 U.S.C. § 1225(b)(2)(A). The circuits are split on whether this provision applies to noncitizens arrested in the interior rather than at the border or a port of entry. The Second and Eleventh Circuits have held that it does not, reasoning that the provision requires both that a noncitizen be an "applicant for admission" and be "seeking admission," and that the latter phrase describes a present-tense activity—the act of presenting oneself at the border and asking to enter—that a noncitizen arrested in the interior is not engaged in. *See Barbosa da Cunha v. Freden*, --- F.4th ---, 2026 WL 1146044 (2d Cir. Apr. 28, 2026); *Hernandez Alvarez v. Warden*, --- F.4th ---, 2026 WL 1243395 (11th Cir. May 6, 2026). The Seventh Circuit has reached a similar conclusion. *See Castañon-Nava v.*

*U.S. Dep't of Homeland Sec.*, --- F.4th ---, 2026 WL 1223250 (7th Cir. May 5, 2026). The Fifth and Eighth Circuits have reached the contrary conclusion. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). The Ninth Circuit has not yet addressed the question.

This Court agrees with and adopts the reasoning of the Second and Eleventh Circuits, which is consistent with the approach taken by courts in this District. *See Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1327–28 (W.D. Wash. 2025); *Torres v. Wamsley*, 807 F. Supp. 3d 1266, 1270–71 (W.D. Wash. 2025). As those courts have explained, Congress employed a statutory term of art—"applicant for admission"—using the word "deemed" to create a legal fiction encompassing noncitizens present in the United States who are not actually applying for admission. 8 U.S.C. § 1225(a)(1). But Congress did not similarly deem anyone to be "seeking admission." The ordinary meaning of that phrase—a present participle denoting ongoing activity—refers to a person currently trying to enter the country. *da Cunha*, 2026 WL 1146044, at *6–9; *Hernandez Alvarez*, 2026 WL 1243395, at *6–10. Treating the two phrases as synonymous, as the Fifth and Eighth Circuits do, renders "seeking admission" surplusage in the very subsection where it appears. *See Buenrostro-Mendez*, 166 F.4th at 510–12 (Douglas, J., dissenting); *Avila*, 170 F.4th at 1139–40 (Erickson, J., dissenting). A noncitizen who has been residing in the interior of the country is not "seeking admission" under Section 1225(b)(2)(A).

Applying these principles, Barrios Arroyo is not subject to mandatory detention under § 1225(b). She was not arrested at a port of entry or the border. Dkt. No. 9-2 at 2. She was residing in the United States, not seeking admission.

ORDER GRANTING IN PART HABEAS CORPUS PETITION - 4

Respondent's records confirm as much. The NTA charged Barrios Arroyo as a noncitizen "present in the United States who has not been admitted or paroled" and expressly declined to classify her as an "arriving alien." *Id. See Cotoc Yac De Yac v. Hermosillo*, 2:25-cv-02593-DGE-TLF, 2026 WL 124334, at *3 (W.D. Wash. Jan. 16, 2026) (relying on identical NTA language as evidence noncitizen was not "seeking admission"); *Garcia Gabriel v. Hermosillo*, 2:25-CV-02594-DGE-GJL, 2026 WL 194233, at * 3 (W.D. Wash. Jan. 26, 2026) (finding same). Barrios Arroyo's detention is therefore governed by 8 U.S.C. § 1226(a), not § 1225(b), and she is not subject to mandatory detention.

### 3.2 The immigration judge's bond denial.

Federal courts generally lack jurisdiction to review discretionary bond determinations. 8 U.S.C. § 1226(e). But Section 1226(e) does not preclude judicial review of constitutional claims or legal errors. *Martinez v. Clark*, 124 F.4th 775, 781–82 (9th Cir. 2024) ("§ 1226(e) restricts jurisdiction only with respect to the executive's exercise of discretion but that discretionary judgment does not include constitutional claims or questions of law."); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209 (9th Cir. 2022) ("Although the [immigration judge's] discretionary bond determination was not reviewable in federal court . . . , we would have had jurisdiction under 28 U.S.C. § 2241 to consider any error of law in [a noncitizen's] agency proceedings, including any claimed due process violation."). "[A] district court has jurisdiction to review an [immigration judge's] discretionary bond denial where that bond denial is challenged as legally erroneous or unconstitutional."

ORDER GRANTING IN PART HABEAS CORPUS PETITION - 5

*Kharis v. Sessions*, No. 18-CV-04800-JST, 2018 WL 5809432, at *4 (N.D. Cal. Nov. 6, 2018) (collecting cases).

Here, the immigration judge's ruling—that the court lacked jurisdiction under Section 1225—was legally erroneous for the reasons detailed above. Respondent also raise the Laken Riley Act, 8 U.S.C. § 1226(c)(3), as an alternative basis for detention, citing Barrios Arroyo's alleged involvement in an Aggravated Battery with a Deadly Weapon. Dkt. No. 6 at 2. But the record contains no documentation regarding the disposition of that criminal charge, and the Court declines evaluate this alternative theory in the first instance. The appropriate remedy is a new bond hearing conducted under the correct statute, at which the government may present its evidence and arguments. This Order does not prejudge the outcome of that hearing.

### 3.3    Barrios Arroyo need not exhaust her administrative remedies before seeking habeas relief.

Respondent argues that the Court should not order another bond redetermination hearing because Barrios Arroyo has not exhausted her administrative remedies because she did not appeal the immigration judge's bond determination. Dkt. No. 6 at 6. But the exhaustion of administrative remedies is not a jurisdictional prerequisite for habeas petitions. *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017).

The Court declines to require prudential exhaustion under the factors set forth in *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). Those factors favor exhaustion when "(1) agency expertise makes agency consideration necessary to

ORDER GRANTING IN PART HABEAS CORPUS PETITION - 6

generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Id.* (quoting *Noriega–Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003)). None of those conditions are present here.

The question presented is purely legal in nature—which detention statute applies to a noncitizen arrested inside the country. An administrative record is not necessary to resolve that question. *Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011) (holding administrative record was not necessary to decide petitioner's challenge to the constitutionality of procedures). Because the question presented is purely legal and does not require further administrative development, the Court waives the prudential exhaustion requirement. *See Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (a court may waive the prudential exhaustion requirement if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.").

**3.4   Scope of relief.**

Barrios Arroyo requests release or in the alternative a bond hearing before an immigration judge. Dkt. No. 1. Consistent with the approach taken by courts in this District, the Court finds that the appropriate remedy here is a bond hearing before an immigration judge rather than immediate release. *See, e.g., Mitka v. ICE Field*

*Off. Dir.*, No. C19-193-MJP-BAT, 2019 WL 5901970, at \*4 (W.D. Wash. Sept. 6, 2019) ("Petitioner is not entitled to an order of release, but he is entitled to a bond hearing[,]" and ordering a bond hearing within thirty days); *Martinez v. Clark*, No. C-18-1669-RAJ-MAT, 2019 WL 5968089, at \*6 (W.D. Wash. May 23, 2019), *adopted*, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (ordering a bond hearing within thirty days).

If Respondent fails to provide Barrios Arroyo a bond hearing under 8 U.S.C. § 1226(a) within fourteen days of this order, she must be immediately released. *Jimenez v. Wolf*, No. 19-CV-07996-NC, 2020 WL 1082648, at \*4 (N.D. Cal. Mar. 6, 2020) (ordering the petitioner's immediate release on appropriate conditions where the respondents did not provide a constitutionally compliant bond hearing after the court granted the petitioner's habeas petition and ordered a bond hearing).

## 4.  CONCLUSION

Accordingly, the Court orders as follows.

1. The Petition for a Writ of Habeas Corpus is GRANTED in part. Dkt. No. 1.

2. Within FOURTEEN (14) days of this order, Respondent must either provide Barrios Arroyo with a bond hearing under 8 U.S.C. § 1226(a), and its implementing regulations, or release her under an appropriate order of supervision.

ORDER GRANTING IN PART HABEAS CORPUS PETITION - 8

3.  If the individualized bond hearing is not conducted within fourteen days of this order, Respondent MUST immediately release Petitioner under appropriate conditions of supervised release.

4.  Respondent is ENJOINED from denying a bond hearing on the basis that Barrios Arroyo is subject to mandatory detention under 8 U.S.C. § 1225(b). She is not subject to that provision.

Dated this 19th day of May, 2026.

Jamal N. Whitehead
United States District Judge

ORDER GRANTING IN PART HABEAS CORPUS PETITION - 9